**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 14 2001**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

PASCUAL R. RODRIGUEZ,

      Plaintiff-Appellee and Cross-
      Appellant,

v.

IBP, INC.,

      Defendant-Appellant and
      Cross-Appellee.

No. 99-3287
No. 99-3288
No. 99-3325

---

Appeal from the United States District Court
for the District of Kansas
(D.C. No. 94-CV-1168-JTM)

---

Kathy Perkins Brooks, of Stinson, Mag, & Fizzell, P.C., Kansas City, Missouri
(Brian R. Markley of Stinson, Mag, & Fizzell, P.C., with her on the brief) for
Appellant and Cross-Appellee.

David O. Alegria, of McCullough, Wareheim & Labunker, P.A., Topeka, Kansas,
for Appellee and Cross-Appellant.

---

Before **HENRY, MURPHY,** Circuit Judges, and **MILLS,** District Judge.[*]

---

[*]Honorable Richard Mills, District Judge, United States District Court for
the Central District of Illinois, sitting by designation.

**MURPHY**, Circuit Judge.

## I. INTRODUCTION

Plaintiff Pascual R. Rodriguez sued his employer, IBP, Inc., for retaliatory discharge. Rodriguez prevailed on his retaliation claim at trial. Following entry of judgment, IBP filed a motion for judgment as a matter of law and, alternatively, a new trial. The district court denied IBP's post-trial motions, simultaneously ordering Rodriguez to provide a signed release of his Social Security records. Rodriguez failed to comply with the district court order and was subsequently found in contempt and sanctioned for his noncompliance. The case comes before this court on IBP's appeal of the district court's denial of its motions for judgment as a matter of law and new trial, and Rodriguez's cross-appeal of the district court's order requiring him to provide a signed release of his Social Security records and the contempt order for his failure to provide the release. This court exercises jurisdiction pursuant to 28 U.S.C. § 1291 and **affirms** both the portion of the district court's July 6, 1999, order requiring Rodriguez to provide the signed release and its subsequent contempt order. IBP's appeal is **dismissed** as moot.

## II. BACKGROUND

Rodriguez began working for IBP at its Finney County, Kansas plant in 1985. On April 6, 1990, he was injured at work when a co-worker struck his elbow with a heavy bucket. Unable to perform his usual job as a whizard knife operator, Rodriguez worked in a series of light-duty jobs for nearly two years. In January 1991, he initiated his worker's compensation claim. In January 1992, Rodriguez claimed he could not perform light-duty work. IBP allowed Rodriguez to call in daily to inform the company whether he was going to work on each particular day. In May 1992, Rodriguez stopped calling and IBP terminated his employment.

In May 1994, Rodriguez filed a complaint against IBP, alleging the company terminated him in retaliation for exercising his rights under the Kansas Workers' Compensation Act. IBP claimed Rodriguez was terminated for violating its no call/no show policy. IBP also argued that Rodriguez was physically unable to perform his regular-duty position on the day of his termination, thereby barring a worker's compensation retaliatory discharge claim under Kansas law.

IBP filed a motion for summary judgment, which was granted by the district court. Rodriguez appealed, and this court reversed the district court's grant of summary judgment. *See Rodriguez v. IBP*, No. 96-3159, 1998 WL 426797, at *4 (10th Cir. July 20, 1998) (unpublished disposition). The case was

remanded and set for trial. Three weeks before trial, the parties participated in court-ordered mediation. During the mediation, IBP learned for the first time that Rodriguez was receiving Social Security disability benefits. IBP requested the immediate production of materials related to Rodriguez's disability benefits. The only material Rodriguez ever turned over to IBP was a record of payment.

IBP subsequently filed a motion *in limine*, seeking to exclude from trial evidence of Rodriguez's alleged economic loss and to bar submission of economic damages to the jury. At the *in limine* conference, counsel for Rodriguez indicated that he would produce the information regarding his client's Social Security benefits as soon as he obtained it. On the third day of trial, IBP renewed its motion *in limine* because Rodriguez failed to give it information regarding the basis for his disability determination by the Social Security Administration. Rodriguez's counsel indicated that his client's Social Security benefits entitlement date was November 1992. The district court granted IBP's motion *in limine*, in part, limiting pecuniary damage evidence to the period between Rodriguez's termination date and the date he became totally disabled.

At the close of Rodriguez's case-in-chief, IBP moved for judgment as a matter of law. It argued there was insufficient evidence to prove Rodriguez was able to return to the whizard-knife position on the date of his discharge or anytime after. The district court denied the motion. The jury subsequently

returned a verdict for Rodriguez, awarding him $411,000. The district court entered judgment on April 26, 1999.

Although IBP had not yet filed its renewed motion for judgment as a matter of law and its alternative motion for a new trial, IBP filed a memorandum on May 10 in support of its motions. IBP also requested an order requiring Rodriguez to provide a release for his Social Security records in the event it denied IBP's post-trial motions so that IBP could file a motion for relief from the judgment under Rule 60(b) of the Federal Rules of Civil Procedure. On May 11, IBP filed a motion seeking leave to file its motion for judgment as a matter of law one day late. On May 14, the district court entered orders deeming IBP's memorandum to be its motion and denying its motion to file out of time as moot. On July 6, the district court denied IBP's post-trial motions for judgment as a matter of law and new trial, but ordered Rodriguez to provide IBP with a signed release for all of his Social Security records within ten days. IBP subsequently filed a notice of appeal from the district court's final judgment and its denial of IBP's post-trial motions.

On July 16, 1999, Rodriguez filed a motion to amend the judgment solely with respect to the portion of the court order requiring a signed release for the Social Security records. On August 24, the district court denied Rodriguez's

motion, giving him ten days to comply with the court order. On September 7, Rodriguez filed a notice of cross-appeal from the district court's July 6 order.

Rodriguez failed to provide the release by the deadline specified in the district court's August 24 order. On September 30, the district court ordered Rodriguez to appear and show cause why he should not be held in contempt. Rodriguez responded to the order with a written explanation. On October 13, the district court found Rodriguez in contempt, "having willfully refused to comply with a lawful court order to provide the Social Security records or a release to obtain the records to defendant." To ensure compliance with the court's previous orders, the district court ordered a reduction in the amount of the original judgment by ten percent in the event Rodriguez failed to submit three signed, unconditional releases to the court prior to October 28. The court ruled that for each subsequent business day in which the releases were not submitted it would remit the remainder of the judgment by five percent of the original judgment. In addition, the district court denied Rodriguez's request for a stay of the July 6 order.

On October 14, Rodriguez filed a notice of appeal from the district court's October 13 order. On October 26, Rodriguez filed a motion to stay the contempt order in the district court pending his appeal to this court. That motion was

denied. Rodriguez filed a motion to stay in this court on December 1, which was denied because the $411,000 judgment had been reduced to zero.

Both IBP and Rodriguez filed motions to dismiss each other's appeals. This decision disposes of Rodriguez's motion to dismiss IBP's appeal, IBP's motion to dismiss Rodriguez's cross-appeal, and the following consolidated appeals: IBP's appeal of the district court's denial of its motions for judgment as a matter of law and new trial; and Rodriguez's cross-appeals of the district court's order requiring him to sign a release for his Social Security records and its October 13, 1999, contempt order.[1] In its appellate brief, IBP indicates that this court need not consider its appeal if we affirm the district court's contempt order. Because we affirm both the district court's order requiring Rodriguez to provide a signed release and its contempt order, we dismiss IBP's appeal as moot.

## III. DISCUSSION

## A. Jurisdictional Issues

Both IBP and Rodriguez filed motions to dismiss the other party's appeal on jurisdictional grounds. Rodriguez claims this court does not have jurisdiction

---

[1]We also dispose of two other motions. IBP filed a motion pursuant to 10th Circuit Rule 30.1, seeking to include certain items in its appendix. Rodriguez filed a motion to supplement his appendix. Both motions are granted. Notably, the Social Security Benefit Statements included in Rodriguez's supplemental appendix do not provide this court with any conclusive evidence as to when he first began receiving disability benefits.

over IBP's appeal because it failed to timely file its post-trial motions, which in turn rendered its notice of appeal untimely. IBP argues this court does not have jurisdiction over Rodriguez's appeal of the court order requiring Rodriguez to provide a release for his Social Security records because discovery orders are not final, appealable orders within the meaning of 28 U.S.C. § 1291. This court denies both motions.

*1. Rodriguez's Motion*

Rodriguez argues the memorandum IBP filed on May 10, 1999, did not constitute a Rule 4(a)(4) motion and, accordingly, did not toll the time to appeal. *See* Fed. R. App. P. 4(a)(4) (providing that time to file appeal runs from entry of order disposing of motion under Rules 50 and 59 of Federal Rules of Civil Procedure). He argues the district court treated IBP's memorandum as a post-trial motion in order to circumvent the clear language of Rule 6(b) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 6(b) (prohibiting an extension of time for taking action under Rules 50(b) and 59(b)).

This court has the authority to construe a motion for extension of time within which to file a notice of appeal as the functional equivalent of a notice of appeal. *See United States v. Smith*, 182 F.3d 733, 736 (1999). In determining whether to treat the motion as a notice of appeal, we examine whether the moving party intended to seek appellate review and whether it provided sufficient notice

to the parties and courts. *See id.* at 735. It follows, by analogy, that the district court may treat IBP's Memorandum in Support of Its Renewed Motion for Judgment as a Matter of Law and Its Alternative Motion for a New Trial as motions under Rules 50(b) and 59(b) if each accomplishes the same end as would a motion itself.

IBP's memorandum plainly indicates IBP's intent to file post-trial motions. Further, the memorandum complies with the requirements regarding the proper form of a motion. *See* Fed. R. Civ. P. 7(b). The memorandum renewed IBP's request for judgment as a matter of law and, alternatively, a new trial. *See id.* 50(b), 59(b). It specifies the judgment sought and articulates the law and facts on which IBP seeks relief. *See id.* 50(a)(2). It states with particularity the ground for IBP's motion and sets forth its requested relief. *See id.* 7(b). This court concludes the district court's treatment of IBP's memorandum of support as a timely filed motion for post-trial relief was proper.

Rodriguez further challenges this court's jurisdiction over IBP's appeal by claiming IBP failed to comply with the required contents of a memorandum under the local rules. *See* D. Kan. R. 7.6(a). He claims IBP's post-trial memorandum did not contain a statement of the nature of the matter before the court, a statement of the facts supported by references to the record, or a statement of the questions presented. Rodriguez does not indicate, however, how the district court

abused its discretion in accepting IBP's memorandum despite its deficiencies under the local rules, nor does he indicate how a district court's misapplication of local rules deprives this court of appellate jurisdiction. This court will not make arguments for Rodriguez that he did not make himself. *Cf. Phillips v. Calhoun*, 956 F.2d 949, 953-54 (10th Cir. 1992) (holding this court need not consider a party's claim that is unsupported by legal argument and authority). Thus, Rodriguez's argument fails.

Because IBP's memorandum was filed within the time set forth in Rules 50 and 59 of the Federal Rules of Civil Procedure, the time to file a notice of appeal was tolled. IBP's subsequent motion in the district court to extend the time to file an appeal and its subsequent appeal to this court were timely. Accordingly, Rodriguez's jurisdictional challenge is without merit.

*2. IBP's motion*

IBP challenges this court's jurisdiction over Rodriguez's appeal from the July 6 order requiring him to release his Social Security records. IBP asserts the order is not final within the meaning of 28 U.S.C. § 1291 because it is a discovery order. Under 28 U.S.C. § 1291, this court has jurisdiction over all final orders of the district court. A final order "ends litigation on the merits and leaves nothing for the district court to do but execute the judgment." *Hooker v. Cont'l Life Ins. Co.*, 965 F.2d 903, 904 (10th Cir. 1992). Discovery orders generally are

interlocutory and not immediately appealable. *See Fed. Trade Comm'n v. Alaska Land Leasing, Inc.*, 778 F.2d 577, 578 (10th Cir. 1985). This case, however, involves a post-trial discovery order. If we accept IBP's argument, a post-trial discovery order would never be appealable until a party complies. Because such an event may never occur, this cannot be the rule. The order became final and non-interlocutory at the very latest when Rodriguez was sanctioned for not complying with the post-trial discovery order.

**B. Court Order to Provide Release of Social Security Records**

After the district court entered judgment on the jury's verdict, IBP sought post-trial relief in which it renewed its motion for judgment as a matter of law and, alternatively, sought a new trial. IBP asked the court to order Rodriguez to provide a release for his Social Security records if the court denied IBP's post-trial motions. In its July 6, 1999, order, the district court denied IBP's motions but ordered Rodriguez to "deliver to [IBP] a signed release for all Social Security records within ten days." Rodriguez argues the district court did not have the authority to issue this order. This court reviews the order to release the Social Security records for an abuse of discretion. *See GWN Petroleum Corp. v. Ok-Tex Oil & Gas, Inc.*, 998 F.2d 853, 858 (10th Cir. 1993).

Rodriguez indicated during pre-trial mediation that he was receiving Social Security disability benefits. Based on this disclosure, IBP filed a motion *in limine*

to limit Rodriguez's claim for economic damages. At the *in limine* hearing, Rodriguez's counsel indicated that his client was in the process of gathering the information regarding his determination of disability. The district court reminded Rodriguez that the information was "at least constructively within his care, custody and control." Rodriguez's counsel represented to the district court that "as far as the information is concerned, as soon as I get my hands on that information, which I have been trying to obtain, I will get it and put it in [IBP] counsel's hands and find out anything that I need to find out." Rodriguez's counsel also specifically indicated he would obtain the information regarding Rodriguez's disability status. The district court postponed its ruling, awaiting the provision of the information to IBP.

On the first day of trial, Rodriguez provided IBP with documents showing he began drawing disability benefits sometime in 1992. Because he did not provide records indicating the basis of his disability determination or the exact date when he began drawing benefits, IBP renewed its motion *in limine* on the third day of trial. IBP asked the court to limit economic damages to a specific time frame, from Rodriguez's termination date up to the date on which Rodriguez was declared disabled for Social Security purposes. Rodriguez's counsel only indicated his client began receiving benefits in November 1992. The district court granted IBP's motion, limiting economic damages to the period of time

from Rodriguez's termination until around November 1992. Later that day, however, Rodriguez testified that he may have begun receiving Social Security disability benefits in September 1992.

IBP argues Rodriguez's Social Security records touch on the central issue of whether Rodriguez was in fact physically unable to perform the whizard knife job on his May 14, 1992, termination date, and therefore correspondingly unable to claim retaliatory discharge for invoking worker's compensation rights.[2] IBP contends that because Rodriguez testified he began receiving benefits in September 1992, he must have represented himself as, and been determined to be, unable to perform the whizard knife job even before his May 1992 termination. *See* 42 U.S.C. § 423(a)(1)(D), (c)(2) (providing that a disabled individual is not entitled to disability insurance benefits until the first month after a five-month period during which he has been under a disability).

Although it may appear that the release of Rodriguez's Social Security records would have no impact in light of the district court's denial of IBP's post-trial motions, the district court obviously found the records significant for the purpose of Rule 60(b) relief. IBP specifically requested the release for this

---

[2] Rodriguez claims the district court failed to require IBP to show how the Social Security records would entitle it to relief from judgment. This was already quite clear to IBP and the district court, however, and should have been clear to Rodriguez. Whether Rodriguez was permanently disabled at the time of his termination is highly relevant to his retaliation claim.

reason.  The district court granted IBP's request, even though it denied its motions for judgment as a matter of law and, alternatively, a new trial.

Nonetheless, Rodriguez makes several arguments to support his claim that the district court had no authority to issue the order to sign a release.  He first argues the court order "violates all discovery rules."  It was Rodriguez, however, who violated the discovery rules by not making mandatory pre-trial disclosures under Rule 33(b)(1) of the Federal Rules of Civil Procedure.  IBP's first set of interrogatories included a request for Rodriguez to disclose "each and every lawsuit, claim, or administrative proceeding to which plaintiff has ever been a party, including the court or agency where filed, the adverse party or parties, the date filed, the date dismissed or closed, and the nature of the claim(s) asserted." In his response, Rodriguez failed to disclose information about the proceeding before the Social Security Administration which resulted in his receipt of disability benefits.

At oral argument, Rodriguez's counsel claimed he was unaware his client was receiving Social Security benefits until the pre-trial mediation three weeks before trial, the same time IBP learned of the benefits.  This does not excuse Rodriguez's failure to disclose the information.  Even if the ignorance of Rodriguez's counsel was an excuse, which it is not, Rodriguez fails to recognize that he had a continuing duty to supplement his disclosures upon learning that the

-14-

information he disclosed in the interrogatories was incomplete.  *See* Fed. R. Civ. P. 26(e)(2).  Although the district court found that Rodriguez did not intentionally withhold information about his disability benefits, this finding does not excuse him from his continuing duty to disclose.

After Rodriguez's testimony, IBP could have asked the district court for a continuance of the trial.  It did not.  IBP's failings, however, do not excuse Rodriguez's continuing violation of his duty to disclose the information regarding his Social Security benefits.[3]  Rodriguez repeatedly failed to follow the district court's instructions to provide information regarding his disability determination.

Rodriguez claims that because IBP strategically decided to pursue a motion *in limine*, rather than some other course, it cannot now claim it was prejudiced by that choice.  IBP's motion *in limine*, however, was based on the available information it had at the time, which did not establish Rodriguez's disability date prior to his termination.  It was not until trial when Rodriguez testified that he began receiving disability benefits in September 1992 that IBP had reason to believe Rodriguez had been determined to be disabled before his termination date.

Rodriguez specifically claims IBP is prohibited from seeking post-trial discovery by its failure to seek a continuance of the trial or to file a motion to

---

[3]IBP's failings, however, did hurt it during the district court's review of IBP's post-trial motions.  The district court indicated that IBP's lack of diligence contributed to its decision to deny IBP's motion for a new trial.

compel. IBP pursued discovery by seeking the relevant information in its interrogatories. While IBP could have been more aggressive, we find no authority in this circuit to support Rodriguez's claim and do not view these facts as compelling the creation of such authority.

Rodriguez also contends the district court did not have jurisdiction to issue the order to release the Social Security records because final judgment had been entered.[4] Control of discovery, however, lies in the sound discretion of the district court. *See Martinez v. Schock Transfer & Warehouse Co.*, 789 F.2d 848, 850 (10th Cir. 1986). Despite Rodriguez's suggestions otherwise, we find nothing in this court's authority indicating that this discretion ends upon the completion of the trial and before a notice of appeal has been filed. Rodriguez had a duty to disclose information regarding his Social Security benefits during

---

[4] In connection with this argument, Rodriguez claims the discovery rules are not applicable to post-trial procedures and that post-trial discovery is prohibited. Rodriguez relies on the First Circuit's decision in *Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775 (1st Cir. 1988), to support this proposition. *Public Citizen* involved an attempt by a non-party to intervene and force the actual parties to file all discovery materials in court following dismissal of the case. *See id.* at 778-80. The district court's order in *Public Citizen* was not related to a party's continuing duty to disclose information to another party, as is the case here. *See id.* at 781. Rodriguez also incorrectly relies on this court's decision in *United Nuclear Corp. v. Cranford Insurance Co.* to support his argument. *United Nuclear Corp.*, however, involved a collateral litigant's attempt to intervene in order to gain access to discovery subject to a protective order. *See* 905 F.2d 1424, 1427 (10th Cir. 1990). Rodriguez has pointed to no authority to support his claim. Accordingly, his argument fails.

the original discovery process. Rodriguez's attempt to characterize the district court's order as a reopening of discovery belies the Federal Rules of Civil Procedure. Rodriguez had a continuing duty to disclose information regarding his Social Security benefits even after discovery closed. *See* Fed. R. Civ. P. 26(e)(2). Moreover, the district court's order to sign the release coincided with its final judgment on the merits, and was entered before the district court lost jurisdiction over the case.

Rodriguez further claims the district court did not have jurisdiction to order the release because 42 U.S.C. § 1306(a) prohibits the disclosure of information about an applicant for Social Security benefits. Rodriguez misconstrues this statute. This provision of the Social Security Act prohibits disclosure by employees of the Department of Health and Human Services. *See* 42 U.S.C. § 1306(a) ("No disclosure of any . . . record . . . obtained at any time by the Secretary or by any officer or employee of the Department of Health and Human Services in the course of discharging the duties of the Secretary under this chapter . . . shall be made except as the Secretary may by regulations prescribe. . . ."). The law does permit an individual to consent to the disclosure of his record. *See* 42 U.S.C. § 1306(b); 20 C.F.R. § 401.100(a). The district court had the authority

to order Rodriguez to provide this consent.[5] *Cf. United States ex rel. Woodard v. Tynan*, 776 F.2d 250, 252 (10th Cir. 1985) (en banc) (holding federal district courts have authority to order defendants to request release of their records from parties maintaining them so defendants can comply with discovery obligations).

Throughout this litigation, Rodriguez has ignored his responsibility to turn over information regarding his Social Security disability benefits. He blames IBP for not seeking the release before trial, completely disregarding his counsel's numerous representations to the district court that he would turn over the information. In light of Rodriguez's failure to comply with his continuing duty to disclose under Rule 26(e)(2) and the possibility of Rule 60(b) relief, this court concludes the district court did not abuse its discretion in ordering Rodriguez to provide a signed release for his Social Security records.[6]

---

[5]Rodriguez claims the Social Security Administration regulations do not allow a district court to order the release of Social Security records. The regulation governing orders from the court, however, does not apply in this case because the order directed Rodriguez to sign a release. The district court did not order the Social Security Administration directly to release the records. *See* 20 C.F.R. § 401.180.

[6] Rodriguez also claims IBP had no legal basis to include a request for post-trial discovery in its Rule 59 and 60 motions and that IBP was not entitled to use information obtained during a settlement conference to procure a favorable ruling that precluded Rodriguez from presenting evidence of damages. This court need not consider these arguments, however, because Rodriguez fails to support them with any authority. *See Phillips v. Calhoun*, 956 F.2d 949, 953-54 (10th Cir. 1992); Fed. R. App. P. 28(a)(9)(A) ("the argument . . . must contain appellant's contentions and the reasons for them, with citations to the authorities . . . on which the appellant relies."). Rodriguez also asserts a privacy right in his Social

## C. Contempt Order

A district court may exercise broad discretion in using its contempt power to assure compliance with its orders. *See Consumers Gas & Oil, Inc. v. Farmland Indus., Inc.*, 84 F.3d 367, 370 (10th Cir. 1996). This court reviews a district court's exercise of its discretion for abuse of discretion. *See O'Connor v. Midwest Pipe Fabrications, Inc.*, 972 F.2d 1204, 1209 (10th Cir. 1992). "Abuse of discretion is established if the district court's adjudication of the contempt proceedings is based upon an error of law or a clearly erroneous finding of fact." *Reliance Ins. Co. v. Mast Constr. Co.*, 84 F.3d 372, 375-76 (10th Cir. 1996).

Rodriguez argues on appeal that the district court abused its discretion because the underlying court order requiring the release of his Social Security records was unlawful. He further argues that because the district court did not have jurisdiction to enter the order, it did not have jurisdiction to enforce it. This court has already determined *supra* that the district court had the authority and jurisdiction to order Rodriguez to provide a signed release.

The district court furthermore had the authority to sanction Rodriguez for not complying with its order. *See United States v. Prof'l Air Traffic Controllers*

---

Security records based on an Eleventh Circuit decision. The Eleventh Circuit case, however, contains no discussion of a privacy right and does not support his assertion. *See Perry v. State Farm Fire & Casualty Co.*, 734 F.2d 1441, 1447 (11th Cir. 1984). Accordingly, his argument fails.

*Org., Local 504*, 703 F.2d 443, 445 (10th Cir. 1983). The district court found Rodriguez in contempt beyond a reasonable doubt, a standard higher than required. *See id.* (holding "proof of contempt must be clear and convincing"). Rodrguez's belief that the discovery order was invalid did not excuse him from compliance. While the ultimate sanction negated Rodriguez's money judgment, that did not render the sanction Draconian. The object of the sanction was to protect the truth-seeking procedures of discovery, and the plaintiff himself eschewed all opportunities to avoid the sanction. This court concludes the district court did not abuse its discretion in sanctioning Rodriguez for his continued failure to comply with its order to provide a signed release of his Social Security records.

## IV. CONCLUSION

This court concludes the district court had the authority to order Rodriguez to provide a signed release of his Social Security records. Rodriguez's failure to comply warranted the district court's finding of contempt and imposition of sanctions. Accordingly, the district court's July 6 order, requiring the release of Rodriguez's records, and its subsequent contempt order are **AFFIRMED**. In light of this holding, IBP's appeal is **DISMISSED** as moot.