**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**February 2, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RALPH MERCADO,

Defendant-Appellant.

No. 05-3035
(D.C. No. 01-CR-20147-01-KHV)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **PORFILIO**, and **BRORBY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Ralph Mercado appeals the district court's decisions (1) not to hold defendants in contempt of court for violating the court's order to seal a forensic

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

neuropsychological report, and (2) to unseal the report. We have jurisdiction under 28 U.S.C. § 1291. We affirm the district court's decision not to impose sanctions for contempt of court, but we reverse its decision to unseal the report and remand for further proceedings.

## I.

During criminal proceedings in 2002, Mr. Mercado was in the custody of the United States Bureau of Prisons (BOP). The district court ordered Mr. Mercado to undergo a forensic neuropsychological examination by a BOP psychologist, as permitted by 18 U.S.C. §§ 4241(b) and 4242. Mr. Mercado requested that the psychologist's report be sealed, and the government did not object. Granting Mr. Mercado's request, the district court ordered that the psychologist and the medical center's warden delete the report from the BOP's computers and network (except that one copy could be kept on a floppy disk in a sealed envelope) and place all paper copies of the report in a sealed envelope. Mr. Mercado pleaded guilty, and apparently the report was never used in the proceeding.

On October 27, 2003, Mr. Mercado discovered an unsealed copy of the report in his regular prison medical file. He notified the district court of his discovery. The court construed his letter as a motion for sanctions for violating

the court's order. While the motion was pending, the BOP found a second unsealed copy of the report in Mr. Mercado's central file.

The district court held two hearings in connection with the motion for sanctions and evaluated Mr. Mercado's request under both civil and criminal contempt standards. With regard to criminal contempt, the district court found no evidence that the prison officials intentionally disobeyed the order to seal. As for civil contempt, it found that Mr. Mercado had established the required elements, but it exercised its discretion not to impose sanctions because the officials had come into compliance and Mr. Mercado suffered no apparent loss due to the BOP's failure to comply earlier. The court further held that it had erred originally in ordering that the report be sealed, and it vacated its order to seal.

Mr. Mercado filed two motions for reconsideration, one through his counsel and another pro se (Mr. Mercado had largely been representing himself in the proceedings, but counsel assisted him on a stand-by basis). In counsel's motion, he argued that the court had vacated its sealing order sua sponte, and that the issue of unsealing the report had not been adequately briefed prior to the court's decision. He also argued that his counsel had reasonably believed that the report would not be disseminated throughout the BOP. In his pro se motion, he requested that the court give him the opportunity to make corrections to

inaccurate portions of the report or that it re-seal the report. The court denied the motions for reconsideration. Mr. Mercado appeals.

II.

A.

Mr. Mercado argues that the district court erred in denying his motion to hold defendants in contempt of court. "A district court may exercise broad discretion in using its contempt power to assure compliance with its orders. This court reviews a district court's exercise of its discretion for abuse of discretion." *Rodriguez v. IBP, Inc.*, 243 F.3d 1221, 1231 (10th Cir. 2001) (citations omitted). "Abuse of discretion is established if the district court's adjudication of the contempt proceedings is based upon an error of law or a clearly erroneous finding of fact." *Id.* (quotation omitted).

Mr. Mercado complains that the district court did not allow him to engage in discovery to determine whether the presence of the report in his files caused him damages. We note, however, that the district court specifically held that it would not impose sanctions even if the BOP had used the report to assign Mr. Mercado to a higher security level. Thus, any information to be gained from discovery would have had no effect on the district court's decision.

Having reviewed the parties' arguments and the appellate record, including transcripts of both hearings, we are satisfied that the district court did not abuse

its discretion in finding no basis for criminal contempt and in declining to impose sanctions for civil contempt. Particularly, there is nothing to indicate that the district court clearly erred in finding that the BOP's noncompliance with the order was not deliberate or willful.

B.

Mr. Mercado also complains that the district court should not have unsealed the forensic neuropsychological report. He states that the report contains juvenile psychiatric records and information that his counsel improperly disclosed to the BOP psychiatrist. We review the district court's decision to seal or unseal documents for an abuse of discretion. *See In re Search of 1638 E. 2nd St.*, 993 F.2d 773, 774 (10th Cir. 1993).

The neuropsychological examination was made pursuant to 18 U.S.C. §§ 4241 and 4242. As the district court discussed, these statutes do not provide for a right of privacy against the opposing party; in fact, 18 U.S.C. § 4247(c) directs that a report made pursuant to those sections shall be made available to the government's attorney and the court. *Cf.* Fed. R. Crim. P. 12.2(c)(2) (specifying that mental examination reports made pursuant to Fed. R. Crim. P. 12.2(c)(1) shall be sealed and not revealed to counsel except under specified circumstances). And it is common that, unless otherwise restricted, information known to counsel is provided to clients. *See, e.g.*, Kan. RPC 1.4 ("A lawyer shall keep a client

reasonably informed about the status of a matter and promptly comply with reasonable requests for information."). Thus, we do not believe that the district court abused its discretion in allowing the BOP to have full access to the report.

We are concerned, however, that the district court may have acted precipitously in unsealing the report completely. From our review of the record, it does not appear that, prior to ordering the report unsealed, the district court alerted the parties that it was contemplating unsealing the report or otherwise had the benefit of briefing by the parties that focused on whether the report should remain sealed.

In addition, we are concerned about the potential broader implications of the district court's decision. On appeal, Mr. Mercado contends that the report contains juvenile psychological records and information that his counsel should not have disclosed, arguments that he also placed before the district court in his pro se motion to seal the juvenile records. The district court did not discuss these issues in either its order on the merits or its order denying reconsideration. But psychological records, especially juvenile psychological records, can be sensitive documents that not uncommonly are protected from public disclosure.

The question before the district court essentially concerned the BOP's access to the report. *See* R. Doc. 82 at 6 ("[T]he Court is not aware that he has any right of privacy – as against the BOP – in its contents."). The district court,

however, further affirmatively declared the report "a matter of public record," *id.* Doc. 86 at 2, thereby making it available to the general public. In addition, as a record maintained by the BOP, the report may be subject to release under the Freedom of Information Act. *See* 28 C.F.R. §§ 513.32, 513.60. Having reviewed the appellate record, we are not satisfied that the district court sufficiently considered the potential harm to Mr. Mercado from allowing virtually unlimited distribution of the report.

For these reasons, we reverse the decision to unseal the forensic neuropsychological report and remand to the district court to further consider (1) to what degree the report should be protected from disclosure to anyone other than the BOP and its employees, and (2) any other potential issues that the parties may identify concerning the complete unsealing of the report that are not inconsistent with this order and judgment.

## III.

The judgment of the district court declining to impose sanctions for contempt of court is AFFIRMED. The order to unseal the forensic neuropsychological report is REVERSED and REMANDED for further proceedings consistent with this decision, with instructions that the district court and the BOP limit access to the report to BOP and court employees in the course of their employment until the district court orders otherwise.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge