FILED
United States Court of Appeals
Tenth Circuit

February 25, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JAY W. ZABRISKIE; NATALIE E.
ARGYLE ZABRISKIE,

　　　　　Plaintiffs-Appellants,

v.

RECONTRUST COMPANY, a Nevada
corporation; COUNTRYWIDE HOME
LOANS, a New York corporation,

　　　　　Defendants-Appellees.

No. 09-4106
(D.C. No. 2:08-CV-00155-BSJ)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **McKAY**, and **BALDOCK**, Circuit Judges.

On May 28, 2009, pro se plaintiffs Jay W. Zabriskie and Natalie Argyle

Zabriskie filed a notice of appeal seeking to challenge, as best we can discern, the

district court's (1) November 12, 2008, order granting summary judgment in favor

of defendants, Recontrust Company and Countrywide Home Loans, and denying

---

[*]　　　After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the Zabriskies' motion to amend their complaint; (2) March 30, 2009, order denying the Zabriskies' Fed. R. Civ. P. 59(e) "motion to reconsider"; and (3) May 22, 2009, order denying the Zabriskies' motion for an extension of time to file a notice of appeal.[1]  Defendants responded with a motion to dismiss a portion of the appeal for lack of appellate jurisdiction, contending the Zabriskies' May 28 notice of appeal was filed too late to challenge the district court's March 30 order.  After receiving the Zabriskies' response and defendants' reply, this court issued an order reserving judgment on defendants' motion.  For the reasons set forth below, we deny defendants' motion to dismiss, affirm the district court's March 30 and May 22 orders, and dismiss for lack of jurisdiction that portion of the appeal seeking to challenge the November 12 order.

"Before proceeding to the merits of [the Zabriskies'] appeals, we must consider our jurisdiction."  *Hatten-Gonzales v. Hyde*, 579 F.3d 1159, 1165 (10th Cir. 2009).  The district court in this case entered final judgment on November 19, 2008.  Within ten days of that judgment, however, the Zabriskies filed a Fed. R. Civ. P. 59(e) motion that tolled the time for them to file a notice of appeal.  *See* Fed. R. App. P. 4(a)(4)(A)(iv); *Berrey v. Asarco Inc.*, 439 F.3d 636, 641 n.3 (10th Cir. 2006).  The district court denied the tolling motion on

---

[1]     Because the Zabriskies appear pro se, we construe their "pleadings and other papers liberally."  *Merryfield v. Jordan*, 584 F.3d 923, 924 n.1 (10th Cir. 2009).

March 30, 2009.  The Zabriskies then had thirty days from that date to file their notice of appeal.  *See* Fed. R. App. P. 4(a)(1)(A); *Berrey*, 439 F.3d at 641 n.3.  Admittedly, they did not do so.  But, on April 28, within the time for filing a notice of appeal, they timely filed a motion for an extension of time to file a notice of appeal, *see* Fed. R. App. P. 4(a)(5)(A)(i), and we treat that motion—identifying the Zabriskies as the parties intending to take the appeal and designating the district court's March 30 order as the order to be appealed—as the functional equivalent of a notice of appeal.  *See Smith v. Barry*, 502 U.S. 244, 248-49 (1992) ("If a document filed within the time specified by Rule 4 gives the notice required by Rule 3, it is effective as a notice of appeal."); *Rodriguez v. IBP, Inc.*, 243 F.3d 1221, 1227 (10th Cir. 2001) ("This court has the authority to construe a motion for extension of time within which to file a notice of appeal as the functional equivalent of a notice of appeal").[2]  This court therefore has

---

[2]     Although the Zabriskies' motion for an extension of time to file a notice of appeal did not name the Tenth Circuit as "the court to which the appeal is taken," Fed. R. App. P. 3(c)(1)(C), the notice provided by the motion is sufficient to confer jurisdiction to review the March 30 order.  *Cf. United States v. Garcia*, 459 F.3d 1059, 1062 n.1 (10th Cir. 2006) ("[W]e have long held that a defective notice of appeal should not warrant dismissal for want of jurisdiction where the intention to appeal to a certain court of appeals may be reasonably inferred from the notice, and where the defect has not materially misled the appellee." (quotation omitted)); *United States v. Treto-Haro*, 287 F.3d 1000, 1002 n.1 (10th Cir. 2002) (observing that the Tenth Circuit possessed jurisdiction despite appellant's failure to name the Tenth Circuit in its notice of appeal because it was the only court to which appellant could take its appeal, and the omission "did not prejudice or mislead" appellee).

jurisdiction, under 28 U.S.C. § 1291, to review the Zabriskies' appeal of the district court's March 30 order, and defendants' jurisdictional challenge is without merit. Additionally, because the notice of appeal the Zabriskies filed on May 28 was timely as to their challenge of the May 22 order, *see* Fed. R. App. P. 4(a)(1)(A), we have jurisdiction under § 1291 to review it as well. We do not, however, have jurisdiction to review the district court's November 12 order because it is not designated in the motion for an extension of time, and we do not discern in that motion an intent to appeal the November 12 order. *See Smith*, 502 U.S. at 248 ("[T]he notice afforded by a document . . . determines the document's sufficiency as a notice of appeal."); *Rodriguez*, 243 F.3d at 1227 ("In determining whether to treat the motion as a notice of appeal, we examine whether the moving party intended to seek appellate review and whether it provided sufficient notice to the parties and courts."). Accordingly, we now turn to the merits of the two orders over which we possess jurisdiction: the March 30 order denying the Zabriskies' Rule 59(e) motion, and the May 22 order denying their motion for an extension of time to file a notice of appeal.

We review for an abuse of discretion both the district court's denial of the Rule 59(e) motion and its denial of the motion for an extension of time to file a notice of appeal. *Barber ex rel. Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009) (Rule 59(e) motion); *Bishop v. Corsentino*, 371 F.3d 1203, 1206 (10th Cir. 2004) (motion for an extension of time to file a notice of

appeal).  We will not disturb either of these post-judgment decisions absent "a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances."  *Barber*, 562 F.3d at 1228 (quotation omitted); *Bishop*, 371 F.3d at 1206 (same).

Having reviewed the briefs, the record, and the applicable law pursuant to the above-mentioned standards, we conclude that the Zabriskies have failed to demonstrate that the district court abused its discretion in denying their post-judgment motions, and we AFFIRM the district court's March 30, 2009, and May 22, 2009, orders for substantially the same reasons stated therein.  Further, we DENY defendants' motion to dismiss, and DISMISS for lack of jurisdiction that portion of the appeal seeking to challenge the district court's November 12, 2008, order.

Entered for the Court

Monroe G. McKay
Circuit Judge