GLD-089                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4139
_____

JERRY S. LINDSEY,
                                                    Appellant

v.

PHIL SHAFFER, Head Counselor; RICHARD GIGLIOTTI, Warden;
ARTHUR MARX, Deputy Warden
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-08- cv-01047)
District Judge:  Joy Flowers Conti
_____

Submitted for Possible Dismissal Due to Jurisdictional Defect,
Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B),
or Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 13, 2011
Before:  AMBRO, CHAGARES and NYGAARD, Circuit Judges

(Opinion filed: February 11, 2011)
_____

OPINION
_____

PER CURIAM

Pro se appellant Jerry Lindsey appeals the District Court's order granting

summary judgment to defendants Phil Shaffer, Richard Gigliotti, and Arthur Marx.  We

have jurisdiction under 28 U.S.C. § 1291[1] and review the order granting summary

judgment under a plenary standard of review. State Auto Prop. & Cas. Ins. Co. v. Pro

Design, P.C., 566 F.3d 86, 89 (3d Cir. 2009). Because this appeal presents no substantial

question, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R.

27.4; I.O.P. 10.6.

Lindsey, formerly a prisoner at Butler County Prison, instituted this action under

42 U.S.C. § 1983 against the defendants, employees of Butler. Lindsey's amended

complaint and accompanying affidavit, although woefully short on details,[2] seem to

allege three causes of action. First, Lindsey claims that he was subjected to cruel and

unusual punishment in violation of the Eighth Amendment when he was forced to sleep

on a mattress on the floor of his cell. Second, Lindsey contends that his Eighth

Amendment rights were violated because his prison unit had only one toilet, which was

---

[1] The District Court entered judgment in favor of the defendants on August 19, 2010. Lindsey had 30 days from that date to file a timely notice of appeal, see Fed. R. App. P. 4(a)(1)(A), and because the 30th day fell on September 18, 2010, a Saturday, Lindsey's notice of appeal was due on September 20, 2010, see Fed. R. App. P. 26(a)(1)(C). Although Lindsey's formal notice of appeal was untimely, we will construe Lindsey's motion for an extension of time to file an appeal, which he filed on September 20, 2010, as a timely notice of appeal. See Smith v. Barry, 502 U.S. 244, 248-49 (1992) ("If a document filed within the time specified by Rule 4 gives the notice required by Rule 3, it is effective as a notice of appeal."); Rodriguez v. IBP, Inc., 243 F.3d 1221, 1227 (10th Cir. 2001) ("This court has the authority to construe a motion for extension of time within which to file a notice of appeal as the functional equivalent of a notice of appeal.").

[2] Lindsey did not take any discovery in the District Court, and has presented just those two documents in support of his claims. He did not file a motion under Rule 56(f) of the Federal Rules of Civil Procedure or otherwise claim that discovery was necessary for his case. Accordingly, we do not believe that the District Court acted prematurely in ruling on defendants' motion for summary judgment. See, e.g., Bradley v.

shared by all inmates who were housed in that unit. Finally, Lindsey claims that his right of access to the courts was infringed because the prison provided him with only limited access to legal reference materials. For essentially the reasons set forth in the magistrate judge's report and recommendation (which the District Court adopted), we conclude that the defendants were entitled to summary judgment.

Lindsey first claims that his Eighth Amendment rights were violated because over a six-or-seven-week period, he was often required to sleep on a mattress placed on the floor. However, we have previously rejected similar claims. See Peterkin v. Jeffes, 855 F.2d 1021, 1027 (3d Cir. 1988) (prisoners' allegations about sleeping on mattresses on floor did not rise to violation of the Eighth Amendment); see also Hubbard v. Taylor, 538 F.3d 229, 235 (3d Cir. 2008) (rejecting per se ban on use of floor mattresses and concluding, based on totality of circumstances, that pretrial detainees' rights were not violated). Lindsey has presented no evidence that this practice deprived him of a sanitary living environment or caused him harm; accordingly, we agree with the District Court that the claim lacks merit.

We similarly agree with the District Court that summary judgment was appropriate as to Lindsey's complaint about being forced to share a toilet with numerous other prisoners. The critical issue for Eighth Amendment purposes is not the number of prisoners who share facilities; rather, it is whether the alleged overcrowding has somehow harmed the prisoner. See generally Rhodes v. Chapman, 452 U.S. 337, 347-50 (1981). While the lack of access to a lavatory can offend the Eighth Amendment if it is

United States, 299 F.3d 197, 206-07 (3d Cir. 2002).

3

particularly dehumanizing, results in unsanitary conditions, or endangers the health of the prisoner, see Young v. Quinlan, 960 F.2d 351, 365 (3d Cir. 1992), Lindsey has shown no such harm. Instead, he says only that "on occasions," "mainly during the night shift," he has been forced "to wait for more than an hour to relieve his bodily functions." Such a limited deprivation does not amount to cruel and unusual punishment. Cf. Fuentes v. Wagner, 206 F.3d 335, 345 & n.2 (3d Cir. 2000) (concluding that prisoner was not subjected to cruel and unusual punishment when, while being kept in restraint chair, he was permitted to use the bathroom every two hours).

Finally, we affirm the District Court's conclusion that the defendants are entitled to judgment on Lindsey's access-to-the-courts claim. To prevail on such a claim, Lindsey must show that the denial of access caused actual injury; for instance, that he lost a "nonfrivolous" and "arguable" claim. Christopher v. Harbury, 536 U.S. 403, 415 (2002). As the District Court recognized, Lindsey has failed to identify any such lost claim. Lindsey's original complaint could be read to suggest that the limited availability of legal reference materials hindered his ability to prepare his criminal defense. However, a state can fully discharge its obligation to provide a prisoner with access to the courts by appointing counsel. See Peterkin, 855 F.2d at 1042; see also Bourdon v. Loughren, 386 F.3d 88, 93-94 (2d Cir. 2004). Lindsey does not dispute the defendants' contention that he was represented by counsel during his criminal proceedings, and indeed, under Pennsylvania law, he was entitled to counsel. See Pa. R. Crim. P. 122. Therefore, this claim also fails as a matter of law.

Accordingly, we conclude that there is no substantial question presented by this

appeal, and will thus summarily affirm the District Court's order granting summary judgment to all defendants. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.