FILED
United States Court of Appeals
Tenth Circuit

August 12, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TONY MAURICE BECKNELL, JR.,
a/k/a Smoke,

Defendant.

--------------------------

JEFF M. HENDERSON,

Respondent - Appellant.

No. 13-5027
(D.C. No. 4:05-CR-00084-JHP-1)
(N.D. Oklahoma)

---

**ORDER AND JUDGMENT**[*]

---

Before **TYMKOVICH**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

---

Appellant Jeff M. Henderson, proceeding *pro se*, appeals the judgment of

the district court finding that he was in contempt of court because he had offered

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

false testimony to the court, in violation of 18 U.S.C. § 401. He was sentenced to three months' imprisonment, to be served consecutively to the sentence he was already serving on a different conviction. Mr. Henderson appeals, and we affirm.

## BACKGROUND

Mr. Henderson, while an officer with the Tulsa Police Department, was indicted in 2010 for offenses related to the performance of his official duties. The charges against Mr. Henderson included allegations that he committed perjury and falsified Reliable Confidential Informant ("RCI") information in search warrant affidavits. During his criminal trial, Mr. Henderson testified with confidence about the search warrant affidavits at issue in the indictment and the identity of particular RCIs.

The jury ultimately convicted Mr. Henderson of six counts of perjury and two counts of civil rights deprivations. United States v. Henderson, No. 11-5164.[1] One of his civil rights convictions and all of his perjury convictions stemmed from his involvement in the case of United States v. Crawford. In the Crawford case, Mr. Henderson testified during a suppression hearing. Mr. Henderson's testimony during this suppression hearing was that Mr. Crawford was present at a specific location in Tulsa, Oklahoma, on January 5 and 6, 2009, and that Mr. Henderson had seen Mr. Crawford at this location. Testimony at the

---

[1]Mr. Henderson's appeal of his conviction is pending in our court.

subsequent trial, however, established that during the times Mr. Henderson claimed to have seen Mr. Crawford in Tulsa, Mr. Crawford was actually in Arlington, Texas. Furthermore, cell tower location data contradicted a claim that Mr. Henderson's phone was near Mr. Crawford's house at the time Mr. Henderson claimed to have been there on surveillance. Despite that evidence, Mr. Henderson claimed at trial that he saw Mr. Crawford in Tulsa on January 5 and 6, 2009.

The instant appeal, involving Mr. Henderson's conviction for contempt of court, involves yet a different case. In particular, this appeal involves the conviction of Tony Maurice Becknell, Jr. Mr. Becknell sought collateral review of that conviction. While Mr. Becknell's original motion was originally styled a Fed. R. Civ. P. 60(b)(2), he later joined his claims in a petition seeking relief under 28 U.S.C. § 2255. Mr. Becknell claimed that the two affidavits for search warrants prepared by, and sworn out by, Mr. Henderson were not truthful. Specifically, Mr. Becknell questioned whether Mr. Henderson actually had an RCI as he stated in his March 29, 2005, affidavits.

The district court conducted a series of evidentiary hearings in this matter. Mr. Becknell's attorney subpoenaed Mr. Henderson to testify at a hearing on June 29, 2012. When asked about the Becknell search warrants, Mr. Henderson asserted his Fifth Amendment privilege against self-incrimination. At that point, Mr. Henderson was granted testimonial immunity by the district court, and he was compelled to provide truthful testimony.

When he was asked to identify (under a grant of immunity) the RCI upon whom he relied for the Becknell search warrants, Mr. Henderson unequivocally identified an individual by name. Mr. Henderson then provided a series of answers to questions about the named RCI, in which he stated that he had used the RCI in "[m]ore than six" cases; that he (the RCI) "was a reliable confidential informant"; that he (Mr. Henderson) had used this RCI in three other specific cases involving specific named individuals; that the named RCI was "a black male, probably 5-8 at the time back then, 150 pounds, was a certified Hoover Crip, he has a street name of [redacted]"; that he "stayed in the [identified redacted street number] block of North [redacted names of two streets]"; that the RCI's reliability was "not alleged, it's a fact"; and that "[e]verything in th[e] [Becknell] affidavit is true." Tr. of Mot. Hr'g, R. Vol. II at 99-102.

As it turned out, it was revealed at a July 6, 2012, hearing that Mr. Henderson's testimony about the particular RCI at the above June 29 hearing was false. Mr. Becknell offered certified records and testimony that the RCI named by Mr. Henderson was actually incarcerated during the time period of the Bucknell search warrants. After this July 6 hearing, the United States filed a motion for an order directing Mr. Henderson to show cause why he should not be held in contempt of court for his false testimony at the June 29, 2012, hearing.

On November 26, 2012, the district court conducted a show cause hearing, at which the United States indicated that it would not seek a sentence greater than

-4-

six months if Mr. Henderson was held in contempt of court. Mr. Henderson then testified under oath that he had made a mistake and had gotten the dates and investigations confused in his June 29 testimony. He further averred that he did not intend to lie; that he only realized his error after the hearing when he was shown documentary evidence that the RCI he named was incarcerated in the local jail during the time period of the Becknell search warrants. Mr. Henderson further testified that he then believed that another person, now deceased, was his RCI on the Becknell warrants.

The district subsequently entered an order on February 27, 2013, holding Mr. Henderson in contempt of court. The court first found that Mr. Henderson's testimony regarding the identity of the RCI was material to the proceedings being conducted, and that Mr. Henderson had been fully apprised of that materiality prior to his false testimony. The court further stated:

> The Court had the benefit of observing the demeanor of Henderson at [the] hearing[] and the Court listened intently to his testimony. At the June 29, 2012, hearing, Henderson was very emphatic about his testimony and the identity of the RCI. During that hearing, Henderson was neither hesitant, nor confused. He was not unsure of his testimony, and in fact, was very confident and persuasive. If Henderson was not certain of the identity of the RCI, the date, or subject of the investigation, all he had to do was to state that he could not remember. Henderson is not a novice at testifying. In fact, during his testimony on June 29th, after Henderson emphatically identified the RCI on the Becknell search warrant affidavit, he then stated 31 times in response to other questions from defense counsel that he did not remember or could not recall the answer to the posed question. This is in marked contrast to his definitive testimony as to the identity of the RCI. Clearly,

Henderson knew that if he was unsure of an answer, all he needed to do was to state his uncertainty. Henderson is a very experienced witness as evidenced by his tenure as a Tulsa police officer with years of experience testifying in courtrooms. This Court had a firsthand observation of his testimonial mannerisms, techniques and body language.

This outcome of this contempt proceeding is contingent on the credibility of Henderson. This Court has now had the opportunity – just as the judges and jury in Henderson's criminal case – to see just how earnest and persuasive Henderson can be when he is testifying, even testifying falsely. This Court finds that Henderson testified falsely in his June 29, 2012 testimony. He now readily admits the falsity, but only after being confronted with documentary evidence that his testimony was false. And this Court also finds that Henderson testified falsely with intent to obstruct the administration of justice. It was not an inadvertent mistake. After observing and listening to Henderson during both hearings, the Court does not believe Henderson's testimony that he made an honest mistake about the identity of the RCI. Henderson had no equivocation in his testimony on June 29, 2012.

The record before the Court, as well as the observations by the Court concerning Henderson's credibility, demonstrate that Henderson either, with knowledge of its falsity or with reckless disregard for its truthfulness, offered false testimony to this Court. As a result, it is the Finding and Order of this Court that Jeff Henderson is in contempt of this Court's order directing his truthful testimony.

Order of Contempt at 12-14, R. Vol. 1 at 120-22. The court then imposed a sentence of three months' imprisonment, to be served "consecutive to the sentence imposed in US v. Henderson, 10-CR-117-BDB." Id. at 123. This appeal followed.

**DISCUSSION**

"A district court may exercise broad discretion in using its contempt power to assure compliance with its orders." Rodriguez v. IBP, Inc., 243 F.3d 1221, 1231 (10th Cir. 2001). We accordingly "review[] a district court's exercise of its discretion for abuse of discretion." Id. "Abuse of discretion is established if the district court's adjudication of the contempt proceedings is based upon an error of law or a clearly erroneous finding of fact." Id. (quoting Reliance Ins. Co. v. Mast Constr. Co., 84 F.3d 372, 375-76 (10th Cir. 1996)); In re Contempt Order, 441 F.3d 1266, 1267 (10th Cir. 2006).

The district court exercised its power to punish Mr. Henderson for failing to obey its order requiring him to testify truthfully. 18 U.S.C. § 401. We fully agree with the government that the district court did not abuse its discretion when it found Mr. Henderson in contempt for testifying falsely. The district court emphasized its unique ability to view Mr. Henderson's testimony and assess his credibility. "[W]e generally grant 'great deference' to a district court's credibility assessments." United States v. Quaintance, 608 F.3d 717, 723 (quoting Wessel v. City of Albuquerque, 463 F.3d 1138, 1145 (10th Cir. 2006)). "When findings [of fact] are based on determinations regarding the credibility of witnesses, Rule 52(a) demands even greater deference to the trial court's findings; for only the trial judge can be aware of the variations in demeanor and tone of

voice that bear so heavily on the listener's understanding of and belief in what is said." Anderson v. City of Bessemer City, 470 U.S. 564, 575 (1985).

Given that deferential standard of review, we cannot say that the district court abused its discretion when it found Mr. Henderson in contempt. We accordingly affirm its order.

## CONCLUSION

For the foregoing reasons, we AFFIRM the decision of the district court.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge