**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 17, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DONETTA PRESTON; ISAIAH
PRESTON,

      Plaintiffs–Appellants,

v.

CITIMORTGAGE,

      Defendant–Appellee.

No. 13-6015
(D.C. No. 5:12-CV-01220-R)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

Donetta and Isaiah Preston, proceeding pro se, appeal from the district court's

dismissal of their quiet title action. Exercising jurisdiction under 28 U.S.C. § 1291, we

affirm.

---

    [*] After examining appellants' brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the determination
of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed.
R. App. P. 32.1 and 10th Cir. R. 32.1.

## I

In 2010, the Prestons executed a promissory note for $254,000 in favor of Midwest Mortgage Capital, LLC ("Midwest") in relation to a property in Edmond, Oklahoma. Midwest endorsed the note to CitiMortgage, Inc. ("CitiMortgage"), making CitiMortgage the holder of the note. After the Prestons defaulted on their payment obligations, CitiMortgage initiated a foreclosure action in Oklahoma state court on June 2, 2011.

On September 16, 2011, CitiMortgage moved for summary judgment. CitiMortgage's motion was granted on April 13, 2012, and a sheriff's sale of the Edmond property took place on June 7, 2012. CitiMortgage subsequently filed a Motion to Confirm Sale. The Prestons filed a variety of motions in state court seeking to halt or reverse the sale, all of which were denied. On November 9, 2012, the state court entered a final order confirming the sale of the Edmond property.

On November 15, 2012, the Prestons filed a complaint to quiet title in the U.S. District Court for the Western District of Oklahoma, contending that they were the rightful owners of the Edmond property at issue in their state court proceedings. The district court granted CitiMortgage's motion to dismiss, concluding that it lacked subject matter jurisdiction under the Rooker-Feldman doctrine. See D.C. Ct. App. v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). The Prestons timely appealed.

## II

On appeal, the Prestons contend that the district court erroneously applied the Rooker-Feldman doctrine, the district court judge was biased, and the court did not provide them with due process. Because the Prestons proceed pro se, we construe their filings liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).

Under the Rooker-Feldman doctrine, federal district courts lack subject matter jurisdiction to review a previously entered state-court judgment. Feldman, 460 U.S. at 476; Rooker, 263 U.S. at 415-16. In their complaint before the district court, the Prestons challenge the validity of CitiMortgage's mortgage on the Edmond property and request that title be quieted in their favor. However, CitiMortgage's ownership of the mortgage and validity of the foreclosure action were conclusively resolved in the earlier state court action. The state court's final entry of judgment explicitly states that "[t]he Court further finds that [CitiMortgage] was the holder of the Note at the time the case was filed" and that CitiMortgage "is entitled to a foreclosure of its mortgage sued upon in this case." For the Prestons to prevail in the case before us, we would have to "review and reject[]" those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). The Prestons' claims are therefore "inextricably intertwined" with the state court's conclusions and barred by the Rooker-Feldman doctrine. Mann v. Boatright, 477 F.3d 1140, 1147 (10th Cir. 2007).

We are not persuaded by the Prestons' claim that the district court's judgment was infected by bias. Under 28 U.S.C. § 455(a), a federal judge must "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." However,

"judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994). In its final order, the district court concluded that "[t]his is a case 'brought by state-court losers complaining of injuries caused by [a] state-court judgment[ ] rendered before the district court proceedings commenced and inviting district court review and rejection of . . . [that] judgment [ ].'" The Prestons claim that the court displayed bias against them by calling them "state-court losers," but that statement was quoted from Campbell v. City of Spencer, 682 F.3d 1278, 1283 (10th Cir. 2012) (quoting Exxon Mobil, 544 U.S. at 284). This isolated statement, taken from prior caselaw, is insufficient to establish that the district court had "such a high degree of favoritism or antagonism as to make fair judgment impossible." Liteky, 510 U.S. at 555.

The Prestons also claim in a cursory fashion that the district court erred because "to ascertain the truth a judge must allow for Due Process." Although the Prestons argue generally that the Constitution requires that citizens be afforded due process before deprivation of life, liberty, or property, they fail to identify any defect in the district court proceedings. Although we must construe a pro se litigant's arguments liberally, we may not "assume the role of advocate" and make the Prestons' arguments for them. Yang v. Archuleta, 525 F.3d 925, 927 n.1 (10th Cir. 2008) (quotation omitted). Because the Prestons have not explained how they believe the district court denied their due process rights, this claim is waived. See Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 679 (10th Cir. 1998) ("Arguments inadequately briefed in the opening brief are waived . . . .").

-4-

### III

The judgment of the district court is **AFFIRMED**. We construe the Prestons'

untimely reply as a motion to file a late reply, which we **GRANT**.

Entered for the Court


Carlos F. Lucero
Circuit Judge