**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 7, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ISAIAH PRESTON, JR.;
DONETTA PRESTON,

    Plaintiffs - Appellants,

v.

CITIMORTGAGE, INC.; MIDWEST
MORTGAGE CAPITAL LLC;
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,

    Defendants - Appellees.

No. 15-6057
(D.C. No. 5:14-CV-01258-R)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **O'BRIEN**, and **PHILLIPS**, Circuit Judges.
_____

    Isaiah Preston, Jr. and Donetta Preston appeal from the district court's

dismissal of their federal lawsuit and imposition of filing restrictions.  Exercising

jurisdiction under 28 U.S.C. § 1291, we affirm.

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*Background*

The Prestons lost their home in an Oklahoma foreclosure proceeding that resulted in the sale of the property and the issuance of a sheriff's deed in 2012. Just after the Oklahoma court entered a final order confirming the sale, the Prestons began filing a series of federal district court actions seeking to regain the property.

In 2012 they tried unsuccessfully to remove the foreclosure action to federal court. *Citi Mortgage Inc. v. Preston*, No. 5:12-cv-01318-R, slip op. at 1-2 (W.D. Okla. Dec. 3, 2012) (unpublished). They also filed a quiet title action, which the district court dismissed as barred by the *Rooker-Feldman* doctrine.[1] *Preston v. CitiMortgage, Inc.*, No. 5:12-cv-01220-R, slip op. at 1-2 (W.D. Okla. Jan. 11, 2013) (unpublished). This court affirmed. *Preston v. CitiMortgage*, 522 F. App'x 426, 427-28 (10th Cir. 2013) (unpublished).

In 2013 the Prestons again tried unsuccessfully to remove the foreclosure action to federal court. *CitiMortgage, Inc. v. Preston*, No. 5:13-cv-00437-R, slip op. at 1 (W.D. Okla. June 3, 2013) (unpublished). They also filed a federal complaint alleging wrongful foreclosure and fraud and seeking to quiet title to the property. The district court again dismissed the claims under the *Rooker-Feldman* doctrine. *Preston v. CitiMortgage, Inc.*, No. 5:13-cv-00438-R, slip op. at 2-4 (W.D. Okla. July 23, 2013) (unpublished). The Prestons did not appeal from that decision.

---

[1] *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923).

Most recently, in 2014 the Prestons filed the complaint underlying this appeal. They asserted various tort claims and sought a declaratory judgment as to rights of the parties in the property. The district court held for the third time that their claims were barred by the *Rooker-Feldman* doctrine and then denied their motion to reconsider. The district court also granted in part the defendants' motion for Fed. R. Civ. P. 11 sanctions: it declined to impose a monetary penalty, but it imposed filing restrictions requiring the Prestons to obtain the court's authorization before filing any further pro se actions in the Western District of Oklahoma. The district court subsequently granted the Prestons' motion for an extension of time to file their notice of appeal.

### *Discussion*

The Prestons appeal from both the dismissal and the imposition of sanctions. We have jurisdiction to review both orders.[2]

**I.     Dismissal**

We review a *Rooker-Feldman* dismissal de novo. *See Mann v. Boatwright*, 477 F.3d 1140, 1145 (10th Cir. 2007).

---

[2] The district court did not abuse its discretion in granting an extension of time to file a notice of appeal, *see City of Chanute v. Williams Nat. Gas Co.*, 31 F.3d 1041, 1045-47 (10th Cir. 1994), and therefore the Prestons' formal notice of appeal is timely. That notice identifies only the January 20, 2015, dismissal order as the decision under review. But the Prestons' motion for extension of time was the functional equivalent of a notice of appeal, *see Rodriguez v. IBP, Inc.*, 243 F.3d 1221, 1227 (10th Cir. 2001); *United States v. Smith*, 182 F.3d 733, 735-36 (10th Cir. 1999), and it identified the February 20, 2015, sanctions order. Accordingly, we have jurisdiction to review both orders.

The Prestons argue that they adequately stated claims for relief and that the district court prematurely dismissed the action, which precluded them from having the opportunity to support their claims through discovery. But the district court did not dismiss the Prestons' claims because they were inadequately pleaded; it dismissed them because they cannot proceed in federal court as a matter of law.

The Prestons asserted that their complaint was "based upon the unlawful foreclosure and sale of the subject Property of the Plaintiffs," R., Vol. 1 at 7, and among other remedies involving the state-court foreclosure, they requested "an order of the Court . . . striking the void sale of the subject property" and an order establishing their rights in the property, *id.* at 14-15. As the district court explained, the *Rooker-Feldman* doctrine bars the Prestons from proceeding with these claims in federal court. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (stating that the *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"). We recognize that the *Rooker-Feldman* doctrine is narrow, *see id.*, but the district court applied it appropriately in this case. And because the claims are barred as a matter of law, there was no need for discovery.

The dismissal of the Prestons' claims is affirmed for substantially the reasons set forth in the district court's January 20, 2015, order.

## II.    Filing Restrictions

We review Rule 11 sanctions for abuse of discretion.  *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990).  The district court declined to impose a monetary penalty, but did impose a filing restriction requiring the Prestons to obtain the court's authorization before filing any new pro se actions.

The Prestons argue that "they are only seeking redress by what they perceive to be the proper jurisdiction and venue."  Aplt. Br. at 22.  This case, however, is only the latest in their series of unsuccessful attempts to raise federal claims regarding the foreclosure.  As set forth above, before the Prestons filed this suit, the district court had twice dismissed claims concerning the property under the *Rooker-Feldman* doctrine, and this court affirmed in the earlier appeal, *see Preston*, 522 F. App'x at 427-28.  By the time they filed the instant complaint, the Prestons should have been aware that they cannot try to undo or undermine the foreclosure in federal court.

The Prestons also state that "Rule 11 sanctions should not be imposed in this matter where Appellees rely primarily upon filings in other jurisdictions to allege that the instant filing was wholly frivolous and abusive."  Aplt. Br. at 22.  But "federal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."  *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979).

Finally, citing precedent from the Seventh Circuit, the Prestons assert that the district court was required to find subjective bad faith.  We have acknowledged that

5

"the degree to which malice or bad faith contributed to the violation" is a factor to be considered in evaluating Rule 11 sanctions. *White v. Gen. Motors Corp.*, 908 F.2d 675, 685 (10th Cir. 1990). Bad faith, however, is just one of several factors that contribute to the ultimate decision, which is whether it was objectively reasonable for the Prestons to assert these claims. *See id.* at 680; *see also Dodd Ins. Servs. v. Royal Ins. Co. of Am.*, 935 F.2d 1152, 1155 (10th Cir. 1991).[3] Both the district court and this court previously told the Prestons that they cannot try to undo the foreclosure in federal court. Even allowing for the fact that the Prestons are proceeding pro se and are not to be held to the same standards as attorneys, it was not objectively reasonable for them to file the instant complaint.

## III. Conclusion

The judgment of the district court is affirmed.

Entered for the Court

Gregory A. Phillips
Circuit Judge

---

[3] *White* and *Dodd* address attorney conduct, speaking of "reasonable" and "competent" attorneys, *Dodd*, 935 F.2d at 1155; *White*, 908 F.2d at 680, but Rule 11 imposes the same standard on both attorneys and pro se parties.